

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 24, 1990

Honorable Chet Brooks
Chairman
Health and Human Services
    Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No.  JM-1164

Re:  Inclusion of fringe bene-
fits in  calculating the  pre-
vailing  wage  under   article
5159a, V.T.C.S.   (RQ-1857)

Dear Senator Brooks:

You ask whether article  5159a, V.T.C.S., requires  the
inclusion of fringe benefits in the calculation of the  pre-
vailing wage.  That article governs the payment of wages for
the construction of public works  on behalf of the state  or
its various political subdivisions.   Section 1 provides  in
part:

> Not less than the general prevailing rate  of
> per  diem  wages  for   work  of  a   similar
> character in the locality  in which the  work
> is performed, and not  less than the  general
> prevailing rate of per  diem wages for  legal
> holiday and overtime work,  shall be paid  to
> all laborers, workmen and mechanics  employed
> by or on behalf of the State of Texas, or  by
> or on behalf of any county, city and  county,
> city, town, district or other political  sub-
> division of  the State,  or any   officer  or
> public body thereof,  shall be  deemed to  be
> employed upon public works . . . .

Section 4 of the article provides in part:

> The term 'general prevailing rate of per diem
> wages' shall be the  rate determined upon  as
> such rate  by the  public body  awarding  the
> contract,  or  authorizing  the  work,  whose
> decision in the matter shall be final.

In Attorney General  Opinion H-350   (1974) this  office
was asked  about  the  permissibility  of  including  fringe
benefits in the  calculation of the  prevailing wage.    That
opinion noted that a  governing body's determination  fixing
the prevailing  wage  rate  was  final  and  not  judicially

reviewable.  See Texas Highway Comm'n v. El Paso Bldg. & Constr. Trades Council, 234 S.W.2d 857 (Tex. 1950).  The opinion concluded that a public body had discretion under the statute to consider fringe benefits in determining a prevailing wage rate.

You ask us to modify the holding of Attorney General Opinion H-350 and to construe the statute to require the inclusion of the value of fringe benefits in the determination of the prevailing wage rate.  You tell us that this request is prompted by the current practice of the University of Texas System to no longer include fringe benefits in its wage table calculations for its construction contracts in given localities.

In its response to your request, the University of Texas System indicates that in those areas where union contractors represented the prevailing work force in a given locality, its wage tables included fringe benefits, because the payment of fringe benefits is not prevailing practice in those areas.  In those areas where open-shop work represents the prevailing work force, we understand that the University System's wage tables do not include fringe benefits.  Thus, the University System's wage tables appear to reflect the prevailing practice in a given locality.[1]  Consequently, your question does not accurately describe the practice as described by the University of Texas System.

In our opinion, the inclusion of the value of fringe benefits in a governmental body's determination of the prevailing wage must be a matter for the governmental body. If the entity determines that wages in a given locality for similar work typically include fringe benefits, that factor should be considered in the calculation.  It would be inconsistent, in our opinion, to read the statute as requiring the inclusion of fringe benefits when the prevailing practice in the locality is otherwise.  As indicated in the brief filed by the University of Texas System, the inclusion of fringe benefits in such a locality would compel the contracting authority to pay wages at a rate that is higher than the prevailing rate.

We note that several attempts to amend article 5159a to expressly include fringe benefits have been unsuccessful.[2]

_____

1. We accept the University System's description as accurate, because this is a factual matter not appropriately determined in the opinion process.

2. Legislation introduced in the 63rd, 64th, and 68th
(Footnote Continued)

While this fact alone does not preclude an interpretation that fringe benefits are mandated by the current language, it supports this office's earlier reading of the statute in Attorney General Opinion H-350. We are not persuaded that the University of Texas System's method of determining the prevailing wage for a given locality is inconsistent with article 5159a. Therefore, we decline to modify Attorney General Opinion H-350. In our opinion, a governing body is not required by article 5159a to include the value of fringe benefits in its calculation of the prevailing wage in a given locality. It is proper for the governing body to include the value of fringe benefits in its calculation if it determines that payment of fringe benefits is the prevailing practice in the locality.

### S U M M A R Y

A governing body is not required by article 5159a, V.T.C.S., to include the value of fringe benefits in its calculation of the prevailing wage in a given locality.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General

---

(Footnote Continued)
Legislative Sessions would have amended article 5159a to include fringe benefits in the rate of pay calculated under that article. None of these amendments was adopted, however. See S.B. 329, 63d Leg. (1973); H.B. 936, 63d Leg. (1973); S.B. 804, 64th Leg. (1975); S.B. 1259 64th Leg. (1975); S.B. 950, 68th Leg. (1983); H.B. 1399, 68th Leg. (1983).